REVENUE and TAXATION The scope of exemptions under the provisions of 68 O.S. 1305 [68-1305] (1971), does not extend to, and has no application to, sales by a political subdivision of the State. Therefore, political subdivisions are not exempt from collecting and remitting sales tax on sales made by such political subdivisions. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following: Are political subdivisions exempt from collecting and remitting sales tax on sales made by such political subdivisions? Your specific question is answered by the construction of 68 O.S. 1305 [68-1305] (1971), which enumerates the applicable scope of exemptions for political subdivisions. 68 O.S. 1305 [68-1305] provides in material part: "There is hereby specifically exempted from the tax levied by this Article the gross receipts or gross proceeds derived from the: ". . . "(i) Sales to the United States government, State of Oklahoma, or any of its political subdivisions." We interpret the above provision, and it has been so interpreted by this office in the past, that, unless the Oklahoma Legislature specifically provides to the contrary, the exemption contained under the provisions of 68 O.S. 1305 [68-1305](i) (1971), excludes from coverage of sales tax, referred to by you, the gross receipts or gross proceeds derived from sales to "political subdivisions" of the State. The exemption has no application, nor does it extend to a sale by a political subdivision of the State. See, e.g. Attorney General's Opinion dated February 20, 1946, to the State Soil Conservation Board. The Opinion construed the provisions of 68 O.S. 1251 [68-1251](d) (1941); now codified as 68 O.S. 1305 [68-1305] (1971). See also Attorney General's Opinion dated June 11, 1959, to the Honorable Hershel Burrus. That Opinion held: "When a soil conservation district rents machinery to an individual, the district is 'obligated to collect sales tax from the individual and remit the tax to the Oklahoma Tax Commission.' " The above-cited Opinions are still in effect. As to your specific examples relative to sales as outlined in your request, research reflects no constitutional, statutory or case law which grant such exemptions of sales by a political subdivision and, in absence of such authority, your question must be answered in the negative. It is, therefore, the opinion of the Attorney General that your question be answered in the negative. The scope of exemptions under the provisions of 68 O.S. 1305 [68-1305] (1971), does not extend to, and has no application to, sales by a political subdivision of the State. Therefore, political subdivisions are not exempt from collecting and remitting sales tax on sales made by such political subdivisions. (NATHAN J. GIGGER) ** SEE: OPINION NO. 80-018 (1980) ** ** PLEASE NOTE: ABOVE IS IN ERROR — SEE: OPINION NO. 80-016 (1980) **